REL: February 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0517

_____

**H.B.**

**v.**

**P.N.**

**Appeal from Jefferson Juvenile Court
(CS-18-308.00 & CS-18-308.01)**

EDWARDS, Judge.

In July 2018, P.N. ("the mother") filed an action in the Jefferson Juvenile Court ("the juvenile court") against H.B. ("the father") seeking to establish the paternity of F.R.T. ("the child"); that action was assigned case number CS-18-308.00 ("the paternity action"). The father did not

appear in the paternity action, and, on November 20, 2019, the juvenile court entered a judgment ("the paternity judgment") determining paternity and ordering the father to pay $778 per month in child support. The father did not appeal the paternity judgment.

In May 2021, the mother filed an action seeking to have the father held in contempt for failing to pay child support as ordered in the paternity judgment; that action was assigned case number CS-18-308.01 ("the contempt action"). After two continuances, the juvenile court tried the contempt action. On February 14, 2022, the juvenile court entered a judgment ("the contempt judgment") finding the father to be in contempt, determining the amount of the child-support arrearage, and ordering the father to purge himself of his contempt by paying his monthly child-support obligation and an additional $75 per month toward the arrearage.

The father filed a timely postjudgment motion directed to the contempt judgment on February 24, 2022. That motion, however, mainly challenged, pursuant to Rule 60(b)(4), Ala. R. Civ. P., the validity of the paternity judgment. The caption of the father's postjudgment motion

contained the case numbers of both the paternity action and the contempt action, but the case-action-summary sheet for the paternity action does not reflect that the father's motion was electronically filed, or otherwise docketed, in the paternity action. That portion of the postjudgment motion directed to the contempt judgment was denied by operation of law on March 10, 2022.[1] See Rule 1(B), Ala. R. Juv. P. ("A failure by the juvenile court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."). However, the juvenile court did not enter any order in the paternity action addressing a postjudgment motion. The father filed a notice of appeal on March 25, 2022, in which he designated that he was appealing from the February 24, 2022, judgment and the March 11, 2022,

---

[1]The juvenile court entered an order in the contempt action purporting to deny the father's postjudgment motion on March 11, 2022, but, because the postjudgment motion had been denied by operation of law on March 10, 2022, the March 11, 2022, order is a nullity. See, e.g., S.D.C. v. N.L., 864 So. 2d 1089, 1091 (Ala. Civ. App. 2002) (explaining that a juvenile court's order on a postjudgment motion entered after that postjudgment motion is denied by operation of law is a nullity).

order purportedly denying his Rule 59, Ala. R. Civ. P., and Rule 60(b)(4) motion in both the paternity and the contempt action.[2]  We dismiss the father's appeal.

First, we note that the appeal, to the extent that it arises from the contempt judgment, is untimely and must be dismissed.  The portion of the father's February 24, 2022, postjudgment motion directed to the contempt judgment was denied by operation of law on March 10, 2022. See Rule 1(B).  The father had 14 days after the denial of his postjudgment motion by operation of law to file a notice of appeal from the contempt judgment.  See Rule 28(D), Ala. R. Juv. P. (indicating that a party must file a notice of appeal directed to a judgment of a juvenile court within 14 days of the entry of that judgment); Rules 4(a)(1)(E) and 4(a)(3), Ala. R. App. P. (indicating that a timely filed postjudgment motion suspends the running of the time for filing a notice of appeal and that the notice of appeal should be filed within 14 days of the denial of

_____

[2]After the record in the contempt action was compiled and the appeal was submitted, this court realized that the appeal had been docketed as an appeal from solely the contempt action; we instructed the clerk to docket the appeal from the paternity action and ordered that a record of the paternity action be compiled and forwarded to this court.

any such postjudgment motion). The father filed his notice of appeal on March 25, 2022, 15 days after the denial of his postjudgment motion by operation of law. Rule 2(a)(1), Ala. R. App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." We must therefore dismiss the father's appeal insofar as it is taken from the contempt judgment.

The father's appeal, to the extent that it arises from the denial of his Rule 60(b) motion in the paternity action, must also be dismissed, albeit for a different reason. The case-action-summary sheet of the paternity action does not reflect that the father's Rule 60(b)(4) motion was electronically filed, or otherwise docketed, in the paternity action even though the caption of that motion reflects the case numbers for both the contempt action and the paternity action and clearly reflects that the father was seeking relief from the paternity judgment. Moreover, even if we consider the Rule 60(b)(4) motion to have been filed in the paternity action despite the lack of indicia that it was electronically filed in that action, the juvenile court failed to enter an order in the paternity action disposing of the father's Rule 60(b)(4) motion. Thus, insofar as the record

5

of the paternity action reflects, the father has not received an adverse ruling on a Rule 60(b) motion, and, therefore, no judgment exists to support his appeal. Ex parte Peake, [Ms. 2190952, Sept. 24, 2021] ___ So. 3d ___, ___ (Ala. Civ. App. 2021) (dismissing an appeal and explaining that because "no appealable order was entered in the contempt action, [this court] lack[ed] jurisdiction as to th[e] appeal" from that action). Accordingly, we dismiss the father's appeal insofar as it seeks review of the purported denial of his Rule 60(b) motion directed to the November 2019 judgment in the paternity action.

APPEAL DISMISSED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.